IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ROSS J. MULLER and NICOLE R. MULLER | PLAINTIFFS |
| v. | CAUSE NO. 1:24-cv-41-LG-BWR |
| PNC BANK | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTIONS TO SHOW CAUSE, GRANTING DEFENDANT'S MOTION TO
DISMISS, AND GRANTING PLAINTIFFS FOURTEEN DAYS TO FILE
AMENDED COMPLAINT**

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by Defendant, PNC Bank, as well as two [6] [9] Motions to Show Cause filed by *pro se* Plaintiffs Ross J. Muller and Nicole R. Muller. After review of the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [7] Motion to Dismiss should be granted. Further, Plaintiffs' [6] [9] Motions are denied. Plaintiff will be permitted fourteen (14) days to file an Amended Complaint to rectify the errors noted herein.

**BACKGROUND**

On February 6, 2024, *pro se* Plaintiffs Ross J. Muller and Nicole R. Muller filed the instant [1] "1 Million Dollar Civil Complaint for Mortgage Fraud." Plaintiffs elsewhere describe the instant action as a "civil lawsuit for wrongful foreclosure on the property located at 11055 Paige Bayou Rd. Vancleave MS, 39565." (Mot. Show Cause, at 1, ECF No. 6). Plaintiffs allege that they entered into a mortgage loan regarding real property located at that address, and they accuse

Defendant of using "mortgage documents as a means of converting Real Property from its true owner to Defendant," characterizing this as "a criminal act of 'conversion through fraudulent means.'" (*See* Compl., at 1, 3-4, 6-7, ECF No. 1). Plaintiffs claim that "Defendants are committing BARRATRY by fraudulently filing documents only a CREDITOR and the Real Party in Interest may file, when in fact Defendants are NOT the CREDITOR and NOT the Real Party in Interest in this instant matter." (*Id.* at 8) (emphasis in original).  Plaintiffs allege:

> Defendants are Not the Real Party in Interest in this, and the non-judicial proceeding as current possession of the GENUINE ORIGINAL PROMISSORY NOTE is a requirement for a party to be the Real Party in Interest in all proceedings pursuant to the U.C.C. . . .
>
> Defendant is not and cannot be the Real Party in Interest and is committing fraud by mentioning or threat[en]ing an unlawful (pre) foreclosure and or foreclosure on real property owned by Plaintiff. Absent possession of the GENUINE ORIGINAL PROMISSORY NOTE signed by Plaintiff; Defendant cannot lawfully move forward with the non-judicial process as the non-judicial court authorities do NOT have subject matter jurisdiction. . . .
>
> Absent prima facie evidence that Defendant is the CREDITOR in this and the non-judicial proceeding, Defendant cannot be considered the CREDITOR in this and/or the non-judicial proceeding. . . . The ONLY acceptable evidence that Defendant is the CREDITOR in this instant matter is the GENUINE ORIGINAL PROMISSORY NOTE and the accounting showing the Defendant loaning the Plaintiff the Defendants' assets. . . .

(*Id.* at 10).  Much of the Complaint is of a similar nature.

Plaintiff brings causes of action for fraud in the concealment (*Id.* at 10-12), "unconscionable / implied contracts" (*Id.* at 12-13), breach of fiduciary duty (*Id.* at 13-15), slander of title (*Id.* at 15-16), and for declaratory relief (*Id.* at 16-20).  The Complaint seeks court orders requiring Defendant to return various documents to

Plaintiffs, an affidavit from Defendant, a declaration in Plaintiffs' favor, a refund of fees and payments to Plaintiffs, pre- and post-judgment interest, attorneys' fees, damages "over $100,000 but not more than $2,000,000.00," injunctive relief "prohibiting Defendants from pursuing a foreclosure on said property," and other relief.  (*Id.* at 30-31).

On March 1, 2024, Plaintiffs filed a [6] "Motion to Show Cause" in which Plaintiff Ross Muller requests that the Court order Defendant to produce unspecified documents and evidence and enjoin a foreclosure sale.  (*See generally* Mot. Show Cause, ECF No. 6).  Four days later, Plaintiffs filed virtually the same [9] "Motion to Show Cause," but edited to present itself as a filing of both Plaintiffs.  (*See* Mot. Show Cause, ECF No. 9).  Defendant [11] responded that the Motion, like the Complaint, is vague and incoherent, and fails to show entitlement to injunctive relief.  (*See generally* Def.'s Resp. Opp., ECF No. 11).

On March 4, 2024, Defendant filed a [7] Motion to Dismiss, arguing that the Complaint is prolix, incoherent, and ambiguous, and fails to clearly allege any relevant facts or cognizable legal claims.  (*See* Mot. Dismiss, ECF No. 7).  Plaintiffs [10] responded with a filing labeled "Plaintiffs Response to 'Motion to Dismiss.'"  At best, this document attempts to amend the Complaint, given the restatement of its obscure factual allegations (Pls.' Resp. Mot. Dismiss, at 2-7, ECF No. 10) and presentation of further causes of action for negligence (*Id.* at 8), breach of the covenant of good faith and fair dealing (*Id.* at 9-11), violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, Fair Debt Collection Practices

3

Act, and Fair Credit Reporting Act (*Id.* at 11-12), declaratory relief (*Id.* at 12-13), and further prayer for relief. (*Id.* at 13). Defendant filed a [12] Reply. (Reply Supp. Mot. Dismiss, ECF No. 12).

On April 23, 2024, Plaintiff filed a late[1] [13] "Response to Defendants Opposition," which superficially presents itself as a reply in support of the Motions to Show Cause, but then proceeds to further attack the Motion to Dismiss, arguing that it is "unsupported by affidavits or depositions" and is "incomplete because it requests this Chancery Court [*sic*] to consider facts outside the record which have not been presented in the form required by Fed. R. Civ. P. 12(b)(6) and 56(c)." (Pls.' Resp. Def.'s Opp., at 6, ECF No. 13). The Court is now ready to issue the following decision on the three Motions.

## DISCUSSION

### I.   SUBJECT-MATTER JURISDICTION

Although the issue of subject-matter jurisdiction has not been raised, "federal courts are duty-bound to examine the basis of subject-matter jurisdiction sua sponte." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

---

[1] Plaintiffs claim that neither "this Chancery Court [*sic*] nor the Defendant made the Plaintiff aware of the Motion presented by the Defendant, thereby severely impairing Plaintiffs ability to prepare a proper response to Defendants Opposition to Plaintiff." (Pl.'s Resp. Def.'s Opp., at 2, ECF No. 13). However, all relevant documents filed by Defendant (ECF Nos. 7, 8, 11, 12) contain Certificates of Service to the effect that Defendant "served a copy of the [filing] via U.S. Mail, first-class postage prepaid, to the following," viz. the address listed on Plaintiffs' Complaint. And though it is unclear whether Plaintiffs claim nonreceipt of the [7] Motion to Dismiss or the [11] Opposition to their "Motions to Show Cause," the Court does note that they already filed a [10] Response to the Motion to Dismiss, thereby evincing receipt of the Motion.

In a case such as this, the Court must first interrogate the question of subject-matter jurisdiction before proceeding further.  The burden of proof rests on the party asserting the existence of jurisdiction.  *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In the Complaint, Plaintiffs invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 but do not clearly state which cause(s) of action arise under federal law.  (Compl., at 2, ECF No. 1).  Plaintiffs reference the False Claims Act, but "[a] *pro se* litigant may not prosecute a False Claims Act suit."  *Manning v. Pogo Prod. Co.*, Civ. No. H-08-2896, 2008 WL 4889032, a *1 (S.D. Tex. Nov. 12, 2008) (collecting cases).  Plaintiffs also reference 42 U.S.C. § 1983 (Compl., at 3, ECF No. 1), but "[t]here is no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors."  *Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014).

Plaintiffs also randomly cite other federal statutes—including the Truth in Lending Act, Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, and Fair Credit Reporting Act—without any elaboration.  (*See* Pls.' Resp. Mot. Dismiss, at 11-12, ECF No. 10).  These claims, liberally construed in favor of the *pro se* Plaintiffs, are still entirely devoid of any factual or legal articulation.  *See Rodriguez v. Wells Fargo Bank, N.A.*, No. 4:13CV327-Y, 2013 WL 12137214, at *1 (N.D. Tex. June 11, 2013) (denying federal question jurisdiction to a *pro se* plaintiff who invoked various federal statutes without elaboration and only alleged wrongful foreclosure claims under state law).

Later, Plaintiffs state: "[d]iversity of jurisdiction is present in this matter as the real property in question is in Mississippi and Defendant and/or other entities involved are in other states and/or countries." (Compl., at 8, ECF No. 1). 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. Plaintiffs list a Mississippi address in their signature block, but they do not allege the citizenship of Defendant PNC Bank. (*Id.* at 31). However, the Court does note that PNC Bank, in another case pending before the undersigned, alleges that it "is a national banking association organized under the laws of the United States, and whose articles of association establish Delaware as its main office. PNC is therefore a Delaware citizen for diversity of citizenship purposes." (*See* Not. Removal ¶ 7, ECF No. 1, *Douglas v. PNC Bank, Nat'l Ass'n*, 1:23-cv-62-LG-BWR); *see Tanner v. Davidson*, No. 3:10CV151-D, 2010 WL 529406, at *2 n. 1 (N.D. Tex. Feb. 11, 2010) ("The court takes judicial notice of GEICO's citizenship for diversity purposes based on pleadings filed in other cases wherein GEICO admits it is a citizen of Maryland."). Further, this lawsuit involves allegations of wrongful foreclosure of real property and seeks "[m]onetary relief over $100,000 but not more than $2,000,000.00" in damages (Compl., at 31, ECF No. 1); "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). Therefore, the Court is satisfied that diversity jurisdiction exists.

## II. MOTIONS TO SHOW CAUSE

The Court will first resolve the pending [6] [9] Motions to Show Cause. First, Plaintiffs move the Court to order Defendant "to disclose 'produce' any and all proper documentation plaintiffs so requested, stated in his original complaint" and to "produce factual evidence in support of their wrongful foreclosure." (*See* Mot. Show Cause, at 10, ECF No. 6). To the extent the Motion implies that Defendant bears the burden of proof on the wrongful foreclosure claim, the Court must first note that *Plaintiffs* bear the burden of "meet[ing] the high bar set for a traditional wrongful-foreclosure claim." *Henderson v. Copper Ridge Homes, LLC*, 273 So. 3d 750, 756 (Miss. 2019). Second, discovery has not commenced in this matter, and so Plaintiff is not entitled to the production of evidence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ."). Such a request is premature.

Next, Plaintiffs move "to enjoin . . . the upcoming trustee's sale of the property at issue until the discovery in the case can be completed and until the application of the Statute of Limitations to this case can be determined by the Court." (*Id.* at 7). To obtain any sort of injunctive relief, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96

(5th Cir. 2003). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). Although Plaintiffs do display some awareness of these elements and attempt to meet them (*see* Mot. Show Cause, at 9, ECF No. 6), they do not even approximate the extraordinary showing required for the Court to issue a preliminary injunction. Plaintiffs have not shown that a threat of irreparable injury exists in the form of an impending foreclosure sale—nor have they shown a substantial likelihood of success on the merits as to their continuous allegations of fraud and other wrongdoing, especially given that the Court finds below that the Complaint fails to state a claim. *See Flatten v. Furash*, No. 2:23CV197-JRG-RSP, 2023 WL 9283974 (E.D. Tex. June 2, 2023) (denying a motion to enjoin a foreclosure sale where the motion was wholly lacking in evidentiary support). Therefore, the Court will not grant the "extraordinary remedy" of a preliminary injunction. *See Lake Charles Diesel, Inc.*, 328 F.3d at 196; *see also Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 826 (5th Cir. 2012) (affirming denial of motion for preliminary injunction supported by only "broad and unsubstantiated allegations"). The [6] [9] Motions to Show Cause are therefore denied.

### III.  MOTION TO DISMISS

Under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes*

*Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may review the facts set forth in the Complaint, documents attached to the Complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Id.*

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conference v. Supreme Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)); *see also Chhim v. Univ. Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."). In other words, a *pro se* litigant "still must actually argue something that is

9

susceptible of liberal construction." *Toole v. Peak*, 361 F. App'x 621 (5th Cir. 2010) (citation omitted).

Moreover, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that allegations "be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). The Rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). "A complaint can be long-winded, even prolix, without pleading with particularity." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

To begin, the Court agrees with Defendant that the instant [1] Complaint falls short of applicable pleading standards. Here, the Court is presented with a "1 Million Dollar Civil Complaint for Mortgage Fraud" which contains pages of cryptic, verbose, conclusory, and repetitious factual allegations, jumbled references to various inapplicable federal statutes, scattershot legal theories, and several pages of copy-pasted Mississippi statutory law. This pleading style cannot survive Rule 12(b)(6). *See Anderson v. Wells Fargo Bank, NA*, No. 2:15CV88-KS-MTP, 2016 WL 837936, at *1 (S.D. Miss. Mar. 3, 2016) (affirming dismissal of a wrongful foreclosure complaint which "appears to have been cobbled together from a variety of outside sources, and . . . is mostly incoherent" and asserted a claim that the mortgage was fraudulently assigned to another party); *Chyba v. EMC Mortg. Corp.*,

10

450 F. App'x 404, 405-06 (5th Cir. 2011) (affirming dismissal of a foreclosure lawsuit where the plaintiff's "claims of fraud were not pled with sufficient particularity under Rules 8 and 9" and "vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant" also supported dismissal).

Moreover, the factual allegations and legal theory asserted in the Complaint are nigh incomprehensible. The gist of Plaintiff's Complaint appears to be that Defendant is not "the Real Party in Interest in this instant matter" because it allegedly does not possess "the GENUINE ORIGINAL PROMISSORY NOTE" and therefore cannot engage in non-judicial foreclosure on Plaintiffs' real property. (Compl., at 6-7, ECF No. 1) (emphasis in original). The Court is unsure what to make of these declarations. Further, Plaintiffs do not allege that the property has been foreclosed or even that a foreclosure is imminent. *See Taylor v. Ocwen Loan Serv., LLC*, No. 2:12CV107-SA-JMV, 2014 WL 280399, at *5 (S.D. Miss. Jan. 24, 2014) ("Because Plaintiff fails to allege that a foreclosure sale has taken place, her claim for wrongful foreclosure must be dismissed.") (citations omitted). Such an allegation is elemental to wrongful foreclosure.

Plaintiffs also do not circumstantiate any of their numerous allegations or state with any specificity what damage or harm they have suffered from the alleged act(s) of Defendant PNC Bank. The claims for fraud in the concealment, "unconscionable / implied contracts," breach of fiduciary duty, slander of title, and for declaratory relief, encounter the same basic problems. Simply put, Plaintiffs do

11

not explain with sufficient clarity what happened, how it caused damage to them, and how Defendant is responsible. Hence, the Court will dismiss the Complaint in its current form and give Plaintiffs **fourteen (14) days** to amend. *See Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) ("'Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.'") (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Defendant, PNC Bank, is **GRANTED.** Plaintiff is granted fourteen (14) days to file an Amended Complaint addressing the issues raised in this Memorandum Opinion and Order. Failure to file an amended complaint may result in entry of a final judgment of dismissal without additional notice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [6] [9] Motions to Show Cause filed by Plaintiffs Ross J. Muller and Nicole R. Muller are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE