IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ROSS J. MULLER and NICOLE R. MULLER | PLAINTIFFS |
| v. | CAUSE NO. 1:24-cv-41-LG-BWR |
| PNC BANK | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [16] Motion to Dismiss filed by Defendant, PNC Bank. After review of the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

### BACKGROUND

On February 6, 2024, *pro se* Plaintiffs Ross J. Muller and Nicole R. Muller filed the Complaint. On March 4, 2024, Defendant filed a Motion to Dismiss and argued that the Complaint was ambiguous and failed to allege relevant facts or cognizable legal claims. On April 29, 2024, the Court granted Defendant's Motion and granted Plaintiffs leave to file an amended complaint. On May 13, 2024, Plaintiffs filed an Amended Complaint. On May 28, 2024, Defendant filed a Motion

to Dismiss, once again arguing that Plaintiffs fail to coherently present relevant facts or cognizable claims.  Plaintiffs filed a Response opposing the Motion.[1]

## COMPLAINT ALLEGATIONS

The case concerns Plaintiffs' real property located at 11055 Paige Bayou Road, Vancleave, MS 39565.  Plaintiffs originally executed a deed of trust and promissory note for $395,000, with the Hancock Whitney Bank, payable to an unnamed payee.  The Plaintiffs' debt was "identified in the Guaranteed REMIC Pass-Through Certificates Fannie Mae REMIC Trust 2020-92 ('FNMA 2020-92 Trust')[.]"  Plaintiffs allege the debt "was securitized, however it was not done properly; and that" FNMA 2020-92 Trust purchased the debt from Hancock Whitney Bank.  Plaintiffs claim that the FNMA 2020-92 Trust's rights to the loan are invalid because it was not named nor referenced on the original note or in the Deed of Trust.  Plaintiffs further allege that because FNMA 2020-92 Trust never had ownership rights in the loan, note, or deed of trust, FNMA 2020-92 Trust could not transfer nonexistent rights to another party.

Plaintiffs allege three causes of action against PNC Bank: fraud in the factum, unconscionable contract, and an improper assignment of a note.  Plaintiffs also present other claims throughout the Amended Complaint, randomly asserting

---

[1] Without leave of the Court Plaintiffs filed a second [20] Response, which amounts to an improper sur-reply, and to which Defendant has objected.  As Plaintiffs are proceeding *pro se* in this matter the Court will liberally construe the information in the Plaintiffs' second Response as an exhibit to the [15] Amended Complaint.

negligent misrepresentation, banking law, 18 U.S.C. 47 § 1021, and 15 U.S.C. 41 § 1641(g).  *See id.* at 10, 13, 17–18.

### Fraud in the Factum

Plaintiffs allege that PNC claimed the ability to service the Hancock Whitney Bank loan.  Plaintiffs further allege that "Defendants never 'loaned' the Plaintiffs anything, yet through a clever book-entry swap, simply loaned (returned) the value of the note created by the Plaintiffs back as a loan that was to be repaid."  Plaintiffs allege they are the creditor . . . for Defendants[,]" and "[t]he loan from the Plaintiffs to the PNC is the deposit of the promissory note . . . in the amount of $395,000."  Plaintiffs maintain that:

> PNC purported to have consideration for the Plaintiffs' accommodation negotiable instrument in the form of real money purportedly executing an underlying obligation (indebtedness) between the parties to the contract.  PNC concealed in the presentation for the terms of the Deed of trust contract(s) . . .  PNC used Sureties' accommodation parties promise to put the accommodated into funds as surety and as a personal property security interest in the sureties' pledged security instrument as collateral for the purpose of negotiating a personal property (payment intangible) transaction between the Defendant, PNC, and Plaintiffs for a service release premium without recourse to be received through a table funded transaction at the closing of the purported loan.

Additionally, Plaintiff alleges PNC "concealed a third party Securitizer [sic] as well as the terms of the Securitization Agreements, including" financial incentives paid, credit enhancement agreements, and acquisition provisions.  "But for failure to disclose the true and material terms of the transaction . . . .  Plaintiffs and Sureties would have known that the actions Defendant [committed] would have an adverse effect on the value of Plaintiff's and Sureties['] home by clouding the title."  Because

of the Defendant's misconduct, "Plaintiff has been damaged in an amount to be proven at trail [sic], including but not limited to costs of [the] Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiffs incurred costs."

## Unconscionable Contract

Plaintiffs allege "Defendants changed the economic substance of the transaction from that contemplated in the . . . instrument(s) that the Plaintiffs executed, thereby changing the costs and risks to the Plaintiffs." Plaintiffs allege that they "were required to 'repay' in money" in exchange for PNC Bank's bank credit, "which creates at least the inference of inequality of obligations on the two sides of the transaction[.]" Plaintiffs allege the same damages as the fraud claim.

## Improper Assignment of Note

Plaintiffs allege the FNMA 2020-92 Trust improperly assigned the Note because FNMA 2020-92 has no interest in the note.[2]

DISCUSSION

The Court "accept[s] all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff" under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citation omitted). Additionally, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original) (citation omitted). Courts do not have to accept legal conclusions presented as factual

---

[2] The Count can discern no alleged facts connecting this claim to the PNC Bank.

allegations. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may review the Amended Complaint's facts, any documents attached to the Complaint, and matters of judicial notice pursuant to Federal Rule of Evidence 201. *Id.*

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, '***conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.***' *Id.* (emphasis added) (quoting *S. Christian Leadership Conference v. Supreme Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)); *see also Chhim v. Univ. Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.") (citation omitted). The pro se litigant "still must actually argue something that is susceptible of liberal construction." *Toole v. Peak*, 361 F. App'x 621, at *1 (5th Cir. 2010) (per curiam) (citation omitted).

Federal Rule of Civil Procedure Rule 8 calls for "a short and plain statement of the claim showing that the pleader is entitled to relief" and requires that allegations "be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and

adverse parties need not try to fish a gold coin from a bucket of mud.'" *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). "A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

The Amended Complaint does not satisfy the pleading standards set out in Rule 8. The Amended Complaint leaves the Court to sift through sparse and vague allegations amidst a deluge of caselaw, federal and state statutes, and other sources with little or no applicability to the current matter. Even construing the second Response documents as exhibits to the Amended Complaint, Plaintiffs' Amended Complaint amounts to a shotgun pleading. *See Anderson v. Wells Fargo Bank, NA*, No. 2:15CV88-KS-MTP, 2016 WL 837936, at *1 (S.D. Miss. Mar. 3, 2016) (A complaint that "appears to have been cobbled together from a variety of outside sources, and . . . is mostly incoherent" should be dismissed for failure to state a claim.); *Chyba v. EMC Mortg. Corp.*, 450 F. App'x 404, 405–06 (5th Cir. 2011) ("[C]laims of fraud were not pled with sufficient particularity under Rules 8 and 9" and "vague allegations of malfeasance by a global group of unspecified 'defendants'—without alleging any particular acts by the present Defendant" also support dismissal.); *Pardue v. Jackson County*, No. 1:14-cv-290-KS-MTP, 2016 WL 3024153, at *13–14 (S.D. Miss. May 25, 2016) (Warning that "extended and aimless discovery will commence, and the trial court will soon be drowned in an uncharted

sea of depositions, interrogatories, and affidavits" from shotgun pleadings) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)).

The Court is mindful of the fact that Plaintiffs are lay persons proceeding without the benefit of legal counsel.  But, all litigants, even *pro se* litigants are required to allege sufficient facts to state a cognizable claim.  This Court has already given Plaintiffs an opportunity to amend their complaint.  *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).  Plaintiffs are counseled to consider that the district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)(citation omitted).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Motion to Dismiss filed by Defendant, PNC Bank, is **GRANTED.**  This action is hereby **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE